**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY A. BESSETTE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 14-00029** |
| | ) | **Electronically Filed** |
| **v.** | ) | |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT</u>
<u>(Doc. Nos. 9 and 13)</u>

**I.      Introduction**

Plaintiff, Kimberly A. Bessette ("Plaintiff"), brings this action pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3) of the Social Security Act (the "Act"), seeking judicial review of the final

decision of the commissioner of Social Security ("Commissioner") denying her applications for

disability insurance benefits ("DIB") and supplemental security income ("SSI").  The Parties

have filed Cross Motions for Summary Judgment on the record developed at the administrative

level.  For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) will be

**GRANTED IN PART AND DENIED IN PART**, the Commissioner's Motion for Summary

Judgment (Doc. No.  13) will be **DENIED**, and the administrative decision of the Commissioner

will be **REMANDED** for further proceedings.

**II.      Procedural History**

Plaintiff filed a Title II application for DIB on November 30, 2010.  Plaintiff also

protectively filed a Title XVI application for SSI on November 18, 2010.  R. 100-109.  The state

agency denied both applications on May 23, 2011.  R. 100-109.  Plaintiff responded on July 22,

2011, by filing a timely request for an administrative hearing.  R. 111-113.  On September 18, 2012, a hearing was held in Erie, Pennsylvania, before Administrative Law Judge William J. Bezego ("ALJ").  Plaintiff, who was represented by counsel, appeared and testified.  William H. Reed, Ph.D., an impartial vocational expert ("VE"), also testified.  R. 51-56.

III.   **Statement of the Case**

In a decision dated October 5, 2012, the ALJ made the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through September 30, 2011.

2.  The claimant has not engaged in substantial gainful activity since April 24, 2010, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3.  The claimant has the following severe impairments: degenerative disc disease, arthritis, obesity, bipolar disorder, and anxiety.  (Exhibits B5F/5).  (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920 (d), 416.925, and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with a sit/stand option at will; the claimant is limited to tasks that do not require constant or prolonged rotation, flexion, or hypertension of the neck; the claimant is limited to low stress work, which is here defined as work that involves only routine, repetitive tasks requiring no more than occasional judgment, decision making, or

2

change in work setting; the claimant is limited to no more than occasional interaction with supervisors, coworkers, or members of the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 14, 1966 and was 43 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), and 416.969(a)).

11. The claimant has not been under a disability, as defined in the social security Act, from April 24, 2010, through the of this decision (20 CFR 404.1520(g) and 416.920(g)).

## IV.    Standard of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence."  42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-

1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an Administrative Law Judge must do more than simply state factual conclusions; he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The Administrative Law Judge

must consider all medical evidence contained in the record and provide adequate explanations

for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d

Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated

rule making authority, has promulgated a five-step sequential evaluation process for the purpose

of determining whether a claimant is "disabled" within the meaning of the Act. The United

States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will
> not review the claim further. At the first step, the agency will find non-disability
> unless the claimant shows that he is not working at a "substantial gainful
> activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find
> non-disability unless the claimant shows that he has a "severe impairment,"
> defined as "any impairment or combination of impairments which significantly
> limits [the claimant's] physical or mental ability to do basic work activities."
> §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the
> impairment which enabled the claimant to survive step two is on the list of
> impairments presumed severe enough to render one disabled; if so, the claimant
> qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the
> list, the inquiry proceeds to step four, at which the SSA assesses whether the
> claimant can do his previous work; unless he shows that he cannot, he is
> determined not to be disabled. If the claimant survives the fourth stage, the fifth,
> and final, step requires the SSA to consider so-called "vocational factors" (the
> claimant's age, education, and past work experience), and to determine whether
> the claimant is capable of performing other jobs existing in significant numbers in
> the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the Agency's

decision cannot be affirmed on a ground other than that actually relied upon by the Agency in

making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the

Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of
> administrative law. That rule is to the effect that a reviewing court, in dealing with
> a determination or judgment which an administrative agency alone is authorized
> to make, must judge the propriety of such action solely by the grounds invoked by

the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, this Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the Parties' Cross Motions for Summary Judgment.

## V.     Discussion

Plaintiff contends that the ALJ failed to properly consider portions of the medical evidence of record and therefore, the ALJ's decision is not supported by substantial evidence. Plaintiff's medical record includes documentation and reports from: Plaintiff's primary care physician Dr. Baney; treating psychiatrist Dr. Farris; treating psychiatrist Dr. Sean Su; treating physician Dr.Fuhrer; consultative examiner Dr. Kalata; and a State agency medical consultant.

In referencing Plaintiff's medical record, and his reasons for rejecting or accepting medical opinion evidence, the ALJ stated:

> As for the opinion evidence, I give little weight to the opinion of the State agency medical consultant . . . because I give greater weight to the opinion of the consultative examiner due to his opportunity to examine the claimant. In contrast, I give great weight to the opinion of the State agency psychological consultant . . . because I find it to be well supported and consistent with the other evidence of record considered as a whole. I have considered the multiple treating source opinions . . . but I ultimately give them little weight because I find them to be inconsistent with the claimant's treatment records.

R.19. An ALJ must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Heckler*, 734 F.2d at 961. This requires

more than stating factual conclusions – the ALJ must make specific findings of fact. *Sec'y of Health, Educ. & Welfare*, 714 F.2d at 290. As cited by Plaintiff, an ALJ is forbidden from implementing their own medical opinion, and they may not make speculative inferences from medical reports. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir.1999) (citing *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)).

Here, the Court cannot ascertain if the ALJ considered all of the medical record, or why the medical opinions were accepted or rejected. Specifically, the ALJ:

- Did not provide an adequate reason why the consultative examiner is given greater weight than the State agency medical consultant;

- Did not provide an explanation why the State agency psychological consultant's opinion is consistent with the other evidence of record;

- Did not set forth how the three treating source physicians' opinions were inconsistent with the Plaintiff's treatment records;

- Injected his own medical opinion with regard to Plaintiff's bone density by stating that the study does not provide any support for Plaintiff's claim; and

- Injected his own medical opinion with respect to Plaintiff's testimony regarding her fits of rage.

As noted, the Court is constrained to determine if the ALJ's decision is supported by substantial evidence. The ALJ's decision does not set forth sufficient explanation why the ALJ rejected certain medial evidence. Further, the ALJ improperly made medical determinations. Therefore, the ALJ's determination is not supported by substantial evidence. An immediate award for benefits will not be granted, because the record does not establish that an immediate award of benefits is appropriate.

**VI.     Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **DENIED**.

Plaintiff's motion for Summary Judgment will **GRANTED** with respect to the motion to vacate

the Commissioner's decision and remanded for further administrative proceedings, and

**DENIED** with respect to a request for an award for benefits.  An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties